UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                         Case No.

APPROXIMATELY $87,662 IN
UNITED STATES CURRENCY,

   Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $87,662 in United States currency seized from Bianca Olivia Walton (Defendant Funds).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

    a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

    b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of approximately $87,662 in United States currency that was seized from Bianca Olivia Walton on or about April 6, 2017 by law enforcement officers. The U.S. Drug Enforcement Administration (DEA) took custody of the Defendant Funds on or about April 19, 2017, and the funds remain in the custody of the United States.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7. The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by DEA Task Force Officer Adam Phelps who states as follows.

9. On February 7, 2017, Ivan Alphonso Link was a passenger in a rental vehicle driven by David Barona. Deputies from the Jefferson County, Texas Sheriff's Office stopped the vehicle for speeding.

10. When asked where he was traveling to, Barona stated that he and Link were traveling to Tampa, Florida where Barona was living. Barona said that he had been in Texas visiting his daughter and his mother for the Super Bowl. He said that he had gone to the Super Bowl, and had the ticket in the car.

11. The deputy asked what he did for a living and Barona stated that he was a mechanic in Houston, Texas and in Tampa, Florida.

12. Barona also stated that earlier that day he rented the vehicle in which they were traveling. Barona said that Link was his roommate in Tampa, and he had gone to the Super Bowl as well. He claimed that they were driving back to Tampa instead of flying because they had missed their flight.

13. Barona then changed his story and claimed that they had actually bought a one-way ticket to Texas. He said that Link needed to get back to Tampa by Thursday for a passport appointment because he was supposed to fly to Dubai on Sunday.

14. When deputies spoke with Link, he claimed to have lost his identification and his license while in Texas. He stated that he lost all of his identification and thus, missed his flight. When asked what he did for a living, Link claimed that he owned a barbershop in Florida.

15. When the deputy asked Barona what Link did for a living, Barona stated that Link "just lives with me, that is where his family is at."

16. When asked why he was so nervous, Barona said that he wasn't, but then said that he gets nervous around police because they beat him up

4

once for no reason.

17. Barona was asked whether there was anything illegal in the vehicle, and he responded that he was not aware of anything illegal. When asked, Barona gave consent for the deputies to search the vehicle.

18. Link was also asked if there was anything illegal in the vehicle and he said that there was not. The deputies also asked Link if they could search the vehicle, and he said yes, but there is nothing in the car.

19. The deputies then searched the vehicle and located approximately 6 kilograms of cocaine hidden inside the driver and passenger seats. The wholesale value of the cocaine was well over $100,000.

20. Barona and Link were arrested.

21. At a later point, Link was released from custody.

22. On or about April 5, 2017, Barona and Link were indicted in the Eastern District of Texas and charged with possession with the intent to distribute cocaine (Count One) and conspiracy to distribute and possess with the intent to distribute cocaine (Count Two) in violation of the Controlled Substances Act. *See United States v. Ivan Alphonso Link, et. al.*, Case No.: 1:16-cr-44 (E.D. Tex.).

23. Upon being indicted, a warrant was issued for Link's arrest.

24. As a result of the indictment and arrest warrant, law enforcement agents attempted to locate Link.

25. As part of those efforts, surveillance was conducted on Bianca Olivia Walton, the girlfriend of Link and the mother of his child. Walton was living in Pinellas County, Florida at the time.

26. On April 6, 2017, during that surveillance, Link arrived at Walton's place of employment, a TD Bank in St. Petersburg, Florida, driving a red Maserati. He walked over to a white Camaro, opened the trunk of the Camaro, and removed a pink backpack. Link then placed the backpack in the trunk of the Maserati and briefly went inside of the bank. Link later exited the bank, got into the Maserati, and drove away.

27. Later that day, Pinellas County Sheriff's Office (PCSO) deputies conducted a traffic stop on the same red Maserati for an illegal tint violation. At the time of the traffic stop, the vehicle was being driven by Walton.

28. During the traffic stop, Walton consented to a search of the vehicle.

29. During the search, officers located the same pink backpack that Link was observed removing from the Camaro and placing in the Maserati earlier that day. In the backpack, officers found approximately $87,662 in

United States currency. The currency was bound with rubber bands in bundles consistent with drug trafficking. See below.



30. Walton told law enforcement that the backpack belonged to her and that the currency was hers from an inheritance. Walton told officers that she withdrew the inheritance money from the bank earlier that day. There were no documents found that indicated the money had recently come from a bank (or any legitimate source) or any paperwork that reflected where the money might have come from.

31. A properly trained narcotics detection dog positively alerted to the presence of the odor of drugs on the Defendant Funds. Individuals who

handle controlled substances often get traces of the substances on their hands and clothing. These trace amounts of a controlled substance can easily be spread to other items the individual touches such as currency. A positive alert to U.S. currency by a properly trained dog indicates that the currency had either been handled by someone who had trace amounts of a controlled substance on their hands, or the currency had recently been in close proximity to a controlled substance.

32. PCSO deputies seized the currency.

33. On or about April 19, 2017, the DEA took custody of the Defendant Funds.

34. On or about September 22, 2017, Ivan Link pleaded guilty to Count One of the Indictment returned in the Eastern District of Texas – possession with the intent to distribute five kilograms or more of cocaine.

35. In pleading guilty, Link admitted the following:

    a. A drug trafficker introduced Link to Barona in Tampa in the spring of 2016.

    b. Shortly thereafter, Link began to receive cocaine from Barona and the drug trafficker.

8

    c.    Barona and the drug trafficker made regular trips to Tampa from Houston, Texas in order to supply Link with cocaine.

    d.    The trip that Link and Barona made on February 7, 2017, when they were arrested in Texas, was one of those trips made to provide Link with cocaine so that Link could distribute the cocaine to his cocaine customers in the Tampa, Florida area.

36.    Records from the Florida Department of Revenue indicate that since 2013, Bianca Olivia Walton's reported wages were $57,582.45. The Florida Department of Revenue Link has no reported wages for Ivan Alphonso Link.

37.    Based on the totality of the circumstances, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## CONCLUSION

38.    As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the

Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Dated: April 18, 2018

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: /s/

JAMES A. MUENCH
Assistant United States Attorney
Florida Bar No. 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
E-mail: james.muench2@usdoj.gov

## **VERIFICATION**

I, Adam Phelps, hereby verify and declare under penalty of perjury, that I am a Task Force Officer with the U.S. Drug Enforcement Administration, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other DEA Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of April, 2018.

_____
Adam Phelps
Task Force Officer
U.S. Drug Enforcement Administration

# CIVIL COVER SHEET

This JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**UNITED STATES OF AMERICA**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James A. Muench, AUSA
United States Attorney's Office
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
(813) 274-6000

## DEFENDANTS

**APPROXIMATELY $87,662**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)
N/A

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- **x** 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for plaintiff and one box for defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

*HABEAS CORPUS:*
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- **x** 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupation Safety/Heath
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- **x** 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Judge from Magistrate Judgment (Appeal to District)

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

GOVERNMENT SEEKS FORFEITURE PURSUANT TO TITLE 21, UNITED STATES CODE, SECTION 881(a)(6)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

**JURY DEMAND** ☐ YES **x** NO

CHECK YES only if demanded in complaint:

## VIII. RELATED CASE(S) IF ANY (See Instructions):

DATE
04/18/18

SIGNATURE OF ATTORNEY OF RECORD
s/James A. Muench

FOR OFFICE USE ONL
JAMES A. MUENCH, ASSISTANT U.S. ATTORNEY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____